UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NICOLE NATASHA UTLEY,

                Plaintiff,

     -against-

                                       **MEMORANDUM AND ORDER**
                                       19-CV-4798 (RRM) (LB)

CRAIG BEIDEMAN, *et al.*,

                Defendants.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Nicole Natasha Utley, proceeding *pro se*, brings this action seeking, among

other things, relief from a judgment of foreclosure. For the reasons set forth below, Utley's

complaint does not sufficiently establish that this Court has subject-matter jurisdiction to preside

over this case. *See* FED. R. CIV. P. 12(h)(3).

      Utley is hereby ordered to show cause in writing within 30 days of the date of this Order

as to why this action should not be dismissed for lack of subject-matter jurisdiction. If Utley

fails to show cause in writing within 30 days of this Order, this action will be subject to

dismissal.

### BACKGROUND[1]

      Plaintiff Nicole Natasha Utley filed this action on August 13, 2019, seeking review of a

judgment of foreclosure and sale entered against her in the Supreme Court of the State of New

York, Kings County. (Compl. (Doc. No. 1) at 3, 18–30.) Utley brings this action against various

defendants, including Kings County Supreme Court Justice Noach Dear, attorneys Craig

---

[1] The following facts are drawn from Utley's complaint. The Court accepts all factual allegations in the complaint
as true, "drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018)
(internal quotation marks omitted) (citation omitted).

Beideman and Bruno Codispoti, JPMorgan Chase Chief Financial Officer Marianne Lake, and Kings County Supreme Court Clerk Nancy T. Sunshine. (Compl. at 1, 4, 8, 19.)

On May 20, 2018, Justice Dear entered a judgment of foreclosure and sale sought by JPMorgan Chase Bank on Utley's property at 547 Montauk Avenue, Brooklyn, New York 11208. (Compl. at 18–30.) *See JP Morgan Bank N.A. v. Nicole Utley, et al.*, Index No. 514689/2015, Doc. No. 122 (N.Y. Sup. Ct. 2019) (Judgment of Foreclosure and Sale). Defendant Lake was JPMorgan Chase's CFO at the time and defendant Beideman was the attorney for JPMorgan Chase in the foreclosure action. (Compl. at 4, 19.) Defendant Sunshine entered the judgment in the action, which was based off a referee report by defendant Codispoti. (*Id.* at 8, 19.)

Utley alleges that she "tried numerous times to resolve this controversy privately by tendering payment in 3 different instances in the amount of the outstanding obligation plus interest." (Compl. at 4.) Utley "seeks relief from joint and several liability on a judgement [sic] for foreclosure sale" on her property located at 547 Montauk Avenue, Brooklyn, New York 11208. (Compl. at 3, 18–30.) Utley seeks review of the judgment, requesting that this Court hold "a new hearing" regarding Utley's ownership of the property, order discovery of "all journal entries of those claiming the need for current foreclosure sale" in advance of that hearing, "set-aside, void, and nullify any prior order granting judgment of foreclosure sale," and grant Utley "custody of the property." (Compl. at 13–15.) Utley also alleges other claims of unclear relation to the judgment of foreclosure – all pled in vague or incomprehensible terms. For instance, Utley requests that this Court order "the Honorable Noach Dear to immediately release Nicole Natasha Utley from any alleged *'no contact'* order with Respondents and/or other beloved (kin or otherwise) . . . ." (Compl. at 13.) Utley does not describe when or against whom this order was entered, or provide any other specifics regarding the order.

Utley's alleged basis for this Court's jurisdiction over her action is also largely incomprehensible. She writes, "Petitioner hereby authorizes, empowers and grants *special immunity* to the judiciary member Chancellor insofar – and only insofar – as he shall respect absolutely all herein with the eye single to the glory of yhvh/G-d, the king of king's conscience, and his equal-justice . . . ." (Compl. at 2.) Utley also mentions as a basis for jurisdiction "the Uniform Declaratory Judgment Act as adopted for New York," (*id.* at 3), in an apparent reference to the portion of New York State's Civil Practice Law and Rules permitting a court to "render a declaratory judgment having the effect of a final judgment." N.Y. C.P.L.R. § 3001. Finally, later in her complaint, Utley mentions Article 1, Section 10 of the United States Constitution, though it is unclear whether she views this as a basis for jurisdiction. (*Id.* at 8.)

## STANDARD OF REVIEW

Courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotation marks omitted). Federal courts also "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal subject-matter jurisdiction exists only where a federal question is presented, *see* 28 U.S.C. § 1331, or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (citation and internal quotation marks omitted). "If the court determines at any

3

time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Federal courts have subject-matter jurisdiction based on diversity of citizenship where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. Subject-matter jurisdiction based on the diversity of the parties "is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). Utley's current address, as reflected on the docket sheet in this action, is 547 Montauk Avenue, Brooklyn, NY 11208 – the property subject to foreclosure here. Utley makes no allegation in her complaint supporting complete diversity of the adverse parties, some of whom appear to be New York residents. Until Utley alleges facts showing that the parties to this action are diverse in their citizenship, the Court cannot find that it has subject-matter jurisdiction on the basis of diversity. *See Universal Reinsurance Co. v. St. Paul Fire And Marine Ins. Co.*, 224 F.3d 139, 140 (2d Cir. 2000), *as amended*, (Aug. 8, 2000) (remanding case after five years of litigation because plaintiffs at no point "made allegations or offered evidence sufficient to support diversity jurisdiction").

Absent diversity jurisdiction, this Court can only hear this action if Utley establishes the existence of federal question jurisdiction. Federal courts have subject-matter jurisdiction based on a federal question for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Utley's stated basis for jurisdiction, as quoted above, is largely incomprehensible. Nor do the statutes or constitutional provisions cited in Utley's complaint provide a basis for jurisdiction. New York Civil Practice Law and Rules § 3001 is a state law, not a federal statute

4

that can provide a basis for federal question jurisdiction. While Article 1, Section 10 of the

United States Constitution can provide a basis for federal question jurisdiction, Utley has not

alleged a claim under this constitutional provision, nor has she pled facts that would appear to

support a constitutional claim. (*See* Compl. at 8.)

The only aspect of Utley's complaint that is clear is that she seeks for this Court to

review and vacate the judgment of foreclosure and sale entered against her. As pled, these

claims for relief do not support the existence of federal question jurisdiction. Under the *Rooker-*

*Feldman* doctrine, federal courts generally lack subject-matter jurisdiction over claims that seek

review of adverse state-court judgments. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416

(1923); *see also Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)

("[F]ederal district courts lack jurisdiction over cases that essentially amount to appeals of state

court judgments." (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84

(2005))). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings commenced and

inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at

284. Specifically, the doctrine advises federal courts to abstain from considering claims when

four requirements are met:

> (1) the federal-court plaintiff must have lost in state court, (2) the plaintiff must
> complain of injuries caused by a state-court judgment, (3) the plaintiff must invite
> district court review and rejection of that judgment, and (4) the state-court
> judgment must have been rendered before the district court proceedings
> commenced.

*Sung Cho v. City of New York*, 910 F.3d 639, 645 (2d Cir. 2018) (citing *Hoblock v. Albany Cty.*

*Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).

Courts in the Second Circuit have repeatedly held that an attack on a state court's

judgment of foreclosure is barred by *Rooker-Feldman*. *See, e.g.*, *Worthy-Pugh v. Deutsche Bank*

*Nat'l Tr.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) (finding that a district court lacks jurisdiction to void a judgment of foreclosure); *Vossbrinck*, 773 F.3d at 427 ("To the extent Vossbrinck asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars Vossbrinck's claim."); *Wilson v. Neighborhood Restore Dev.*, No. 18-CV-1172 (MKB), 2019 WL 4393662, at *4 (E.D.N.Y. Sept. 13, 2019); *Javier v. MTGLQ Inv'rs, L.P.*, No. 19-CV-2555 (AMD) (LB), 2019 WL 1981040, at *2 (E.D.N.Y. May 2, 2019); *Murphy v. Riso*, No. 11-CV-0873 (JFB) (ARL), 2012 WL 94551, at *6 (E.D.N.Y. Jan. 12, 2012) (collecting cases finding a lack of subject-matter jurisdiction where plaintiffs challenged judgments of foreclosure allegedly obtained by fraud).

Here, all four elements of the *Rooker-Feldman* doctrine appear to be satisfied. First, after Utley lost a foreclosure action in state court, she filed this action, attaching her state court judgment. (Compl. at 18–30.) Second, the injury for which Utley seeks relief is that state court judgment. (Compl. at 13.) Third, Utley specifically invites this Court to "nullify any prior order granting judgement [sic] for foreclosure sale," which would plainly constitute "review and rejection of that judgment." (Compl. at 14; *Sung Cho*, 910 F.3d at 645.) Finally, the state court judgment clearly was entered before this proceeding commenced, as Utley attached the state court judgment to her complaint. (Compl. at 18–30.) Under the *Rooker-Feldman* doctrine, this Court would lack federal question jurisdiction over Utley's claims relating to a review of the judgment of foreclosure. Furthermore, to the extent Utley's complaint includes other claims for relief unrelated to the judgment of foreclosure, those, too, do not present a basis for this Court to exercise subject-matter jurisdiction.

## CONCLUSION

Utley has not alleged a basis for this Court's subject-matter jurisdiction over this action, either based on diversity of the parties or the existence of a federal question. Accordingly, Utley

is hereby, ORDERED TO SHOW CAUSE, on or before 30 days from the date of this Order, as to why this action should not be dismissed for lack of subject-matter jurisdiction. If Utley fails to show cause in writing by the applicable date, this action will be subject to dismissal.

While Utley paid the filing fee in this action, (Doc. No. 4), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to send a copy of this Order to Show Cause to Utley by overnight mail, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
Dec. 22 2019

s/Roslynn R. Masukopf

_____
ROSLYNN R. MAUSKOPF
United States District Judge